IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KENNETH WADE LYNCH, & female friend  §<br>　　　　Plaintiffs,　　　　　　§<br>　　　　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　　§　　Civil No. 7:09-CV-135-O<br>v.　　　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　　§<br>THE PRESIDENT OF THE　　　　　§<br>U. S. A. OBAMA　　　　　　　　§<br>　　　　Defendant.　　　　　　　§<br>　　　　　　　　　　　　　　　§ | |

## FINDINGS AND RECOMMENDATIONS

　　　Pursuant to the Court's Order of Referral of this date, I have reviewed Plaintiff's Complaint. This is the fifth such one page, *pro se*, *forma pauperis* complaint filed by this Plaintiff in a 10 day period. *See 7:09-CV-127; 7:09-CV-128, 7:09-CV-129, 7:09-CV-130.* This Magistrate Judge has made four recommendations of dismissal in each of these preceding cases and recommended to the District Judge that the Plaintiff be warned as to potential sanctions for filing frivolous cases. This is another one.

　　　After reviewing Plaintiff's Complaint, I find that the conducting of further proceedings in the case are unnecessary. The Complaint names as a defendant "The President of the U. S. A. Obama. The gravamen of Plaintiff's Complaint is a cause of action for slander from some statement (unspecified) made by the President against the Plaintiff's girl friend (unnamed). For this alleged slander, Plaintiff "demands satisfaction." No federal question is implicated. The cause of action, if any, arises solely under state common law.

　　　Turning now to the substantive allegations of Plaintiff's Complaint. First, Plaintiff does not have standing to assert a cause of action against anyone for slander of another. Secondly, the President of the United States has **absolute immunity** from civil suit during his term of office and afterward to the extent his actions are within the "outer perimeter" of his official duties. Nixon v. Fitzgerald, 457 U.S. 731,744 (1982); Sanders v. Bush, 15 F. 2d 64 (5th Cir. 1994). Televised publication of the President's views on various topical items is within the outer perimeter of his official duties. I find that **IF** (and this is a big IF) the President made certain televised comments concerning the Plaintiff's girlfriend or of a class of persons of which the Plaintiff's girlfriend is a member, his comments were within the outer perimeter of his authority and duties. Therefore, I conclude that the President has **absolute immunity** from Plaintiff's suit.

　　　Furthermore and alternatively, if the acts of which Plaintiff complains do not fall within the outer perimeter of the President's authority in his official capacity, then venue of this suit is improper under 28 U. S. C. §1391 (a) as it is not brought in a judicial district where the defendant resides or where any of the events or omissions occurred. Dismissal without prejudice is permissible where venue does not lie with this court.

As indicated above, this is a successive frivolous complaint for which some sanction should be imposed to prevent the continued waste of this Courts time and energies.

Accordingly, I recommend to the District Court that Plaintiff's Complaint be dismissed **with prejudice** pursuant to 28 U.S.C. § 1915 (e)(1)(B)(ii), and Rules 12(b)(1) and 12(b)(6) and that the Court include a warning about further sanctions for frivolous filings.

It is so FOUND and RECOMMENDED, this 25th day of August, 2009.

*/s/ Robert K. Roach*
**Robert K. Roach**
**UNITED STATES MAGISTRATE JUDGE**

### Standard Instruction to Litigants

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).